J. S41018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM VALENTINE | : | |
| | : | |
| Appellant | : | No. 2060 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
In the Court of Common Pleas of Bucks County
Criminal Division No(s): CP-09-CR-0003521-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 22, 2016**

Appellant, William Valentine, appeals *pro se* from the Order of May 15, 2015, which denied his Post-Conviction Relief Act (PRCA)[1] Petition.  After careful review, we dismiss the appeal.

A detailed recitation of the facts is not necessary to our disposition. Appellant's brief is insufficient, hard to comprehend, unsupported, and at times illegible.  Appellant failed to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams, supra** at 498 (citation omitted).

Our review of Appellant's Brief exposes substantial violations of the Rules of Appellate Procedure: it does not contain a statement of jurisdiction, an order or other determination in question, a statement of the scope and standard of review, a statement of the questions involved, a summary of Appellant's argument, or a procedural history of the case. **See** Pa.R.A.P. 2111(a)(1)-(4); (6); 2114; 2115; 2116; 2117(a)(1); 2118.

Appellant includes a "Factual History" section but fails to cite to the record and provide "an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Pa.R.A.P. 2117(a)(4); **see also** Pa.R.A.P. 2132; Appellant's Brief at 1 (unpaginated).

Most importantly, Appellant's argument, which is under the same heading as "Factual History," contains numerous defects and fails to comply with Pa.R.A.P. 2119. He fails to ensure that the argument is "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a); (c). Appellant provides some citations to case law but fails to engage in meaningful discussion or analysis of any authority that he cites. **See** 2119(a)-(d). The argument consists of unorganized thoughts and no analysis or discussion of how the cited case law is relevant to the issues Appellant is attempting to raise.

These substantial omissions and defects preclude meaningful review. Accordingly, we suppress Appellant's Brief and dismiss his appeal. **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016